FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
Eastern District of Washington

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| SANDRA VICTORIA TALENTO | Case Number: 2:18-CR-00232-TOR-2 |
| | USM Number: 21194-085 |
| | Mark Edmund Vovos |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  3, 9, 16, 18, 21, 24, 25, 33, 34, 42, 43, 45, 46, 52, 53, 54, 55, 59, 60, 71, 72, 73, 74, 76 and 101 of the Indictment.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1341, 2 | MAIL FRAUD | 05/22/2014 | 3 |
| 18 USC 1343, 2 | WIRE FRAUD | 04/03/2014 | 9 |
| 18 USC 1341, 2 | MAIL FRAUD | 02/19/2015 | 16 |
| 18 USC 1341, 2 | MAIL FRAUD | 11/24/2014 | 18 |
| 18 USC 1341, 2 | MAIL FRAUD | 02/27/2015 | 21 |
| 18 USC 1341, 2 | MAIL FRAUD | 04/15/2015 | 24 |
| 18 USC 1343, 2 | WIRE FRAUD | 04/21/2015 | 25 |

The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 1-2, 7-8, 15, 17, 19-20, 22-23, 26-32, 39-41, 44, 56-58 of the Indictment  ☐ is  ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/7/2019
Date of Imposition of Judgment

*/s/ Thomas O. Rice*
Signature of Judge

The Honorable Thomas O. Rice        Chief Judge, U.S. District Court
Name and Title of Judge

11/7/2019
Date

DEFENDANT: SANDRA VICTORIA TALENTO  
Case Number: 2:18-CR-00232-TOR-2

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 USC 1341, 2 MAIL FRAUD | 08/19/2015 | 33 |
| 18 USC 1341, 2 MAIL FRAUD | 09/08/2015 | 34 |
| 18 USC 1341, 2 MAIL FRAUD | 08/17/2016 | 42 |
| 18 USC 1341, 2 MAIL FRAUD | 09/21/2016 | 43 |
| 18 USC 1341, 2 MAIL FRAUD | 10/11/2016 | 45 |
| 18 USC 1341, 2 MAIL FRAUD | 01/24/2017 | 46 |
| 18 USC 1341, 2 MAIL FRAUD | 10/262016 | 52 |
| 18 USC 1341, 2 MAIL FRAUD | 10/29/2016 | 53 |
| 18 USC 1341, 2 MAIL FRAUD | 11/03/2016 | 54 |
| 18 USC 1341, 2 MAIL FRAUD | 07/19/2017 | 55 |
| 18 USC 1341, 2 MAIL FRAUD | 10/12/2017 | 59 |
| 18 USC 1341, 2 MAIL FRAUD | 12/04/2017 | 60 |
| 18 USC 1341, 2 MAIL FRAUD | 02/12/2018 | 71 |
| 18 USC 1341, 2 MAIL FRAUD | 04/12/2018 | 72 |
| 18 USC 1341, 1343, 1349 CONSIPIRACY TO COMMIT MAIL AND WIRE FRAUD | 04/12/2018 | 73 |
| 18 USC 1347, 1349 CONSPIRACY TO COMMIT HEALTH CARE FRAUD | 04/04/2017 | 74 |
| 18 USC 1957, 2 MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM UNLAWFUL ACTIVITY | 01/09/2014 | 76 |
| 18 USC 1957, 1956(h) CONSPIRACY TO CONDUCT MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY | 04/12/2018 | 101 |

DEFENDANT: SANDRA VICTORIA TALENTO
Case Number: 2:18-CR-00232-TOR-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 70 months on each count - terms to run concurrent

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant be housed at Victorville FCI and receive credit for the time served in federal custody prior to sentencing in this matter.

Defendant participate in the BOP Inmate Financial Responsibility Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____
    ☐ as notified by the United States Marshal.
    ☒ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: SANDRA VICTORIA TALENTO
Case Number: 2:18-CR-00232-TOR-2

# SUPERVISED RELEASE

Upon release from imprisonment, you shall be on supervised release for a term of: 3 years on each count - terms to run concurrent.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must be truthful when responding to the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: SANDRA VICTORIA TALENTO
Case Number: 2:18-CR-00232-TOR-2

# SPECIAL CONDITIONS OF SUPERVISION

1. You must provide the supervising officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office. You must disclose all assets and liabilities to the supervising officer. You must not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

2. You must not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: SANDRA VICTORIA TALENTO  
Case Number: 2:18-CR-00232-TOR-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $2,500.00 | $2,100,000.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until ____ . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Name of Payee**　　　　　　　　　　　　　　**Total Loss***　　**Restitution Ordered**　**Priority or Percentage**

See attached Restitution Report.

Restitution shall be paid:  
First priority, to all victim entries owed less than $10,000, pro rata, until paid in full;  
Second priority, to all victim entries owed less than $50,000, pro rata, until paid in full;  
Third priority, to all victim entries owed less than $100,000, pro rata, until paid in full; and  
Fourth priority, to all remaining victim entries, pro rata, until paid in full.

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:  
　☒ the interest requirement is waived for the 　☐ fine 　☒ restitution  
　☐ the interest requirement for the 　☐ fine 　☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22  
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SANDRA VICTORIA TALENTO  
Case Number: 2:18-CR-00232-TOR-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due  
　　☐ not later than _____ , or  
　　☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or  
**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or  
**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or  
**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or  
**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or  
**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall participate in the BOP Inmate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25.00 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $300.00 per month or 10% of the defendant's net household income, whichever is larger, commencing 30 days after the defendant is released from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

　　Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

A sum of money equal to $2,100,000.00 in United States currency, which hereby constitutes a money judgment against Defendant in this amount.  
Additionally, Defendant shall forfeit her interest in the following property listed in the attached Asset Forfeiture Schedule.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

| Name of Payee | Total Loss** | Restitution Ordered |
|---|---:|---:|
| Allstate Insurance Company | $5,000.00 | $1,875.33 |
| American Commerce | $142,000.00 | $53,259.26 |
| AMICA | $23,303.15 | $8,740.20 |
| AMICA | $32,738.00 | $12,278.88 |
| CSAA | $15,000.00 | $13,566.17 |
| CSAA | $11,214.00 | $4,205.98 |
| CSAA | $126,209.56 | $47,336.81 |
| CSAA | $125,000.00 | $46,883.15 |
| CSAA | $86,000.00 | $32,255.61 |
| CSAA | $303,712.67 | $113,912.06 |
| CSAA/AAA Nevada | $120,000.00 | $45,007.82 |
| Esurance | $21,810.82 | $8,180.48 |
| Farmers | $123,435.04 | $46,296.19 |
| Farmers | $142,761.33 | $53,544.81 |
| Farmers | $97,095.45 | $36,417.12 |
| GEICO | $100,000.00 | $37,506.52 |
| GEICO | $100,000.00 | $40,427.00 |
| GEICO | $50,179.09 | $18,820.43 |
| GEICO | $9,556.18 | $3,584.19 |
| GEICO | $15,000.00 | $5,625.98 |
| Hartford | $174,752.00 | $65,543.39 |
| Hartford | $100,000.00 | $37,506.52 |
| Hertz | $273,000.00 | $102,392.80 |
| Liberty Mutual | $176,000.00 | $66,011.48 |
| Liberty Mutual | $85,000.00 | $31,880.54 |
| MetLife | $225,428.35 | $84,550.33 |
| Nationwide Insurance Company | $296,826.75 | $111,329.38 |
| Progressive Group | $320,698.13 | $112,342.53 |
| Progressive Group | $91,280.00 | $34,235.95 |
| Progressive Group | $281,495.80 | $105,579.28 |
| RepWest | $17,260.17 | $6,473.69 |
| Safeco | $148.68 | $55.76 |
| Safeco | $338,266.75 | $126,872.10 |
| State Farm | $246,217.52 | $92,347.62 |
| State Farm | $267,278.62 | $100,246.91 |
| Travelers Insurance | $235,000.00 | $88,140.32 |
| USAA | $288,136.37 | $108,069.93 |
| USAA | $236,324.93 | $88,637.26 |
| USAA | $288,110.50 | $108,060.22 |
| TOTALS | $5,591,239.86 | $2,100,000.00 |

# ASSET FORFEITURE SCHEDULE

## REAL PROPERTY

1) Real property known as 3326 North Indian Bluff Road, Spokane, Washington, Tax ID/Parcel #: 25044.9045, legally described as follows:

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 4, TOWNSHIP 25 NORTH, RANGE 42 EAST, WILLAMETTE MERIDIAN, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWESTERLY CORNER OF SAID WEST HALF OF THE SOUTHEAST QUARTER;

THENCE FROM SAID POINT OF COMMENCEMENT SOUTH 01 DEGREE 48' 46" EAST ALONG THE WESTERLY LINE SAID WEST HALF A DISTANCE OF 1903.59 FEET TO THE POINT OF BEGINNING;

THENCE FROM SAID POINT OF BEGINNING AND LEAVING SAID LINE, SOUTH 87 DEGREES 30' 45" EAST 852.76 FEET;

THENCE SOUTH 75 DEGREES 10' 46" EAST 530.90 FEET TO A POINT ON THE EASTERLY LINE SAID WEST HALF;

THENCE SOUTH 01 DEGREE 07' 48" EAST ALONG SAID EASTERLY LINE 549.23 FEET TO THE SOUTHEASTERLY CORNER OF SAID WEST HALF;

THENCE NORTH 89 DEGREES 08' 05" WEST ALONG THE SOUTHERLY LINE OF SAID WEST HALF A DISTANCE OF 516.26 FEET;

THENCE LEAVING SAID LINE NORTH 38 DEGREES 23' 01" EAST 354.28 FEET;

THENCE NORTH 53 DEGREES 46' 06" WEST 340.51 FEET;

THENCE NORTH 87 DEGREES 30' 45" WEST 799.55 FEET TO A POINT ON THE WESTERLY LINE OF SAID SOUTHEAST QUARTER;

ASSET FORFEITURE SCHEDULE ~1


THENCE ALONG SAID WESTERLY LINE NORTH 01 DEGREE 46' 46" WEST A DISTANCE OF 200.57 FEET TO THE POINT OF BEGINNING;

EXCEPTING THEREFROM THE 60 FEET WIDE RIGHT OF WAY OF INDIAN BLUFF ROAD;

SAID PARCEL ALSO BEING DELINEATED AS TRACT 7 OF THAT CERTAIN SURVEY RECORDED MAY 13, 1983, UNDER AUDITOR'S FILE NO. 8305130031 IN SURVEY BOOK 29, PAGES 67 AND 68;

SITUATE IN THE COUNTY OF SPOKANE, STATE OF WASHINGTON.
Tax ID: 25044.9045

2) Real property known as 1311 South Westcliff Place Unit #603, Spokane, Washington, Tax ID/Parcel #: 25233.1143, legally described as follows:

UNIT 603, WESTCLIFF SOUTH, A CONDOMINIUM, AS SHOWN ON SURVEY MAP AND FLOOR PLAN RECORDED APRIL 11, 1973, IN VOLUME 1 OF CONDOMINIUMS, PAGES 61 THROUGH 71, UNDER RECORDING NO. 7304110243 AND IS IDENTIFIED IN DECLARATION RECORDED MARCH 30, 1973 UNDER RECORDING NO. 7303300336.

3) Real property known as 4150 Sanderling Circle, #454, Las Vegas, Nevada 89103, Tax ID/Parcel #: 162-18-616-230, legally described as follows:

SPRING OAKS LOT J 2ND AMD PLAT BOOK 36 PAGE 63 UNIT 454.

## BOAT SLIP

The Subleasehold Estate held by WILLIAM MIZE in certain real property commonly described as Pier 39 Marina, Slip F-14, San Francisco, California, created pursuant to the Assignment of Sublease by Sublease dated July 10, 2017 by and between THE LAWRENCE W STEWART AND CATHY STEWART REVOCABLE TRUST DATED MARCH 17, 2015, Assignor,

ASSET FORFEITURE SCHEDULE ~2

and WILLIAM MIZE, Assignee, recorded in the Official Records of the City and County of San Francisco, as Document 2017-K479100-00, for that certain Memorandum of Sublease dated July 24, 1984, as executed by PIER 39 LIMITED PARTNERSHIP, a California Limited Partnership, as Sublessor, and THE LAWRENCE W STEWART AND CATHY STEWART REVOCABLE TRUST DATED MARCH 17, 2015, as Sublessee, and recorded in the Official Records of the City and County of San Francisco, as Document D527, the Term of the Sublease expiring September 19, 2034.

## BANK/ESCROW ACCOUNT(S)

1) $148,138.13 in U.S. funds seized by the Internal Revenue Service-Criminal Investigation pursuant to a federal seizure warrant on or about May 17, 2018, from Bank of America account ending in 1577 in the name of WILLIAM MIZE.

2) $42,692.50 in U.S. funds seized by the Internal Revenue Service-Criminal Investigation pursuant to a federal seizure warrant on or about May 17, 2018, from Wells Fargo Bank account ending in 6918 in the name of WILLIAM MIZE.

3) $260,000.00 in U.S funds held in escrow by First American Title Company in account number ending in 0000 at First American Trust, Escrow File #: 4251-3-56047, seized by the Federal Bureau of Investigation pursuant to a federal seizure warrant on or about May 23, 2018.

## CURRENCY

$42,147.00 U.S. currency seized by the Federal Bureau of Investigation pursuant to the execution of a federal search and seizure warrant on or about May 17, 2018.

## CONVEYANCES

1) 2017 Jaguar F-Pace, Washington License Plate BCG0859, VIN: SADCK2BV9HA074880

ASSET FORFEITURE SCHEDULE ~3

    2) 2005 Sea Ray VDR 44.8' fiberglass hull boat, Hull No.: SEF0657E505, California Registration No.: 1174343, Vessel Name: Victoria Eve.

    3) 2008 Bentley Continental, Washington License Plate AYE0086, VIN: SCBCP73WX8C054601.

Substitute Property (WHICH SHALL BE APPLIED TOWARD THE $2,100,000 MONEY JUDGMENT ENTERED HEREIN):

    1) The proceeds in the amount of $4,800.00 from Defendant's sale of Defendant's 2010 Audi VIN WA1LKAFP7AA003937, Plate BNN1391;

    2) 1990 Bayliner 36' boat, HIN: BLBA27EJB090;

    3) Any and all rights, title, and interest of Defendant in 5807 S. Cree Drive, Spokane, WA 99206, including, but not limited to, the Deed of Trust and Assignment of Rents held by Defendant, recording numbers 6841848 and 6641849, with an unpaid principal amount of $110,000.00;

    4) Any and all rights, title, and interest of Defendant in 23905 E. Joseph Avenue, Otis Orchards, WA 99027, including, but not limited to, the Deed of Trust and Assignment of Rents held by Defendant, recording numbers 6676505 and 6676506, with an unpaid principal amount of $70,000.00;

    5) Any and all rights, title, and interest of Defendant in 532 Levich Road, Newport, WA, 99156, including, but not limited to, the Deed of Trust with Assignment of Rents, recording number 20170329881, with an unpaid principal amount of $130,000.00;

    6) $30,000.00 U.S. currency seized by the Federal Bureau of Investigation from Selin Babian on or about July 11, 2019;

    7) $25,000.00 U.S. currency currently held in deposit with the Clerk of Court from non-party William Main.

ASSET FORFEITURE SCHEDULE ~4