UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA VICTORIA TALENTO,<br><br>Defendant. | NO. 2:18-CR-0232-TOR-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Emergency Motion for an Order Reducing Sentence or Modifying Judgment Under 18 USC § 3582(c)(1)(A)(i). ECF No. 868. The Government filed its response in opposition. ECF No. 871. Defendant filed her reply. ECF Nos. 879, 880. This matter was submitted for consideration without oral argument. The Defendant is represented by Mark E. Vovos. George J.C. Jacobs, III appeared on behalf of the government. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Emergency Motion for an Order Reducing Sentence, ECF No. 868, is denied.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

# BACKGROUND

On June 6, 2019, Sandra Victoria Talento appeared before the Court and entered a plea of guilty to 25 counts of the Indictment filed on December 18, 2018, charging her with Mail Fraud, in violation of 18 U.S.C. §§ 1341, 2 (Counts 3, 16, 18, 21, 24, 33, 34, 42, 43, 45, 46, 52-55, 59, 60, 71 & 72); Wire Fraud, in violation of 18 U.S.C. §§ 1343, 2 (Counts 9 & 25); Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349 (Count 73); Conspiracy to Commit Heath Care Fraud, in violation of 18 U.S.C. §§ 1347 and 1349 (Count 74); Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2 (Count 76); and Conspiracy to Conduct Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957, 1956(h) (Count 101).  ECF Nos. 432, 433.

On November 7, 2019, this Court sentenced Defendant to a 70-month term of imprisonment, followed by a 3-year term of supervised release, a $2,500.00 special penalty assessment, a $2,100,000.00 order of restitution, forfeiture of certain specified property and a $2,100,000.00 forfeiture money judgment.  ECF No. 712.  Defendant was allowed to self-report to the Bureau of Prisons as directed by the United States Probation Office.  *Id*. at 3.  Defendant reported on December 10, 2019.  Defendant's projected good time credit release date is November 18, 2024.

On April 4, 2020, Defendant requested "compassionate release with home confinement" from the Mr. Pliler. ECF Nos. 869-5 (sent via electronic communication); 872. Defendant recited two reasons for release: first, so she could care for her 91-year old mother, and second, because she is on "chronic care" with high cholesterol, severe depression, as well as arthritis in her hands. *Id*.

On August 6, 2020, Mr. Pliler, the Warden of FCC Victorville, entered his denial of Defendant's compassionate release request. ECF No. 872-1. He reasoned, inter alia:

> . . . FCC Victorville's Health Services Department reviewed your medical records and advised you are a 59-year old female with the following medical diagnoses: Hyperlipidemia, Major depressive disorder, and an incidental mammographic finding in the right breast (solid 7 mm lesion). You also have been diagnosed with chronic joint pain and not Arthritis. Your medical problems are managed with medication, examinations, and treatment. You are not currently diagnosed with a terminal illness and medical staff indicate you do not suffer a debilitating injury from which you will not recover at this time. You are not confined to a bed or chair, are capable of self-care, and have full functional capacity, as demonstrated in the Instrumental Activities of Daily Living assessment. Your medical conditions can be treated in a correctional facility and your physical health does not diminish your ability to function in a correctional setting. Therefore, your medical conditions do not rise to the level of medical conditions which warrant consideration for a Compassionate Release/Reduction in Sentence.
>
> Lastly, you were reviewed for Home Confinement. Since you do not have any of the COVID-19 risk factors, it has been determined you will not be referred for Home Confinement at this time.

*Id*. at 1-2.

On September 11, 2020, Defendant filed the instant motion for sentence reduction. ECF No. 868. Defendant requests that she be "released as her mother's personal caregiver to the extent that she would be able to observe, care and help with Mrs. Talento's serious life-threatening condition." *Id*. at 2. She explains that her mother, now age 92, "suffers from peripheral neuropathy (no feeling from feet to knees) which makes it difficult to drive or walk. Her mother also has high blood pressure, which leaves her light-headed and subjects her to falls, as well as diabetes which causes the neuropathy to worsen. Just going to grocery shop potentially exposes her to COVID-19 which could be a death sentence at her age." *Id*. at 2-3. Only on reply did Defendant provide a letter from a doctor, Tiffany J. Park, describing Mrs. Talento's medical condition. ECF No. 880 at 11 ("she has multiple medical problems including CAD with history of MI, peripheral neuropathy and osteoarthritis").

Additionally, Defendant seeks release because she is 59-years old, and suffers from high cholesterol, depression, chronic arthritis, and she takes medication for severe depression. ECF No. 868 at 3. She explains that she "has a history of high blood pressure, depression and arthritis, as well as a diagnosed mental health condition, which make her particularly vulnerable to the SARS/COV-2 Corona Virus." *Id*. Defendant concludes that her "vulnerability to COVID-19 and her physical location in a federal prison – makes it impossible for

1  her to follow the CDC's recommendation for social distancing and personal

2  hygiene – constitutes "extraordinary and compelling reasons for compassionate

3  release." *Id*. at 20.

4  The Government opposes release because Defendant "has not exhausted

5  administrative remedies, cannot demonstrate the existence of a statutorily-

6  authorized "extraordinary and compelling" reason for release and cannot justify

7  such relief based on § 3553(a) factors." ECF No. 871.

**DISCUSSION**

**A. Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B.  Exhaustion or Lapse of 30 days**

Defendant claims to have exhausted her administrative remedies and waited 30 days after submitting her request to the warden of the institution where she is housed. However, the government objects to a finding of exhaustion because Defendant did not fully set forth her grounds for compassionate release in her administrative request. ECF No. 871 at 5. While Defendant's correspondence to the Warden is certainly not a comprehensive or a complete request, the Warden

addressed all possible grounds for relief and denied the same. ECF No. 872-1.

Accordingly, the Court will consider Defendant's administrative remedies exhausted.

### C. Extraordinary and Compelling Reasons

First, Defendant argues that she should be released to care for her mother. The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence

reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.

   Defendant argues that she be "released as her mother's personal caregiver to the extent that she would be able to observe, care and help with Mrs. Talento's serious life-threatening condition." ECF No. 868 at 2.  She contends that her mother wishes to spend her last days with her daughter. *Id*. at 4.  Defendant cites no cases holding that a parent's health is an "extraordinary and compelling" circumstance justifying compassionate release.  On the other hand, the government has cited several cases which reject such a proposition.  The Court finds that none of the enumerated reasons for compassionate release contemplate care for an elderly parent and the fourth, catchall "extraordinary and compelling" reason does not apply to the facts of this case.  However, as the Court earlier observed, the Bureau of Prisons has the sole authority to grant a temporary furlough, not this

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

1  Court.  ECF No. 849 (citing 18 U.S.C. § 3622).

2       Second, Defendant argues that her medical condition presents an
3  extraordinary and compelling reason to justify a reduction in sentence.  ECF No.
4  868.  The parties have only submitted the following medical records:  ECF Nos.
5  869-1, 869-3, 870, 880-1 at 1-4.  Defendant contends that she has been taking
6  cholesterol medication for the last 8 years and has borderline high blood pressure
7  and heart condition.  *Id*. at 6.  She deduces that her "mother's illness, combined
8  with the growing coronavirus pandemic and the risk it imposes to [her] health,
9  provide extraordinary and compelling reasons for a sentence reduction." *Id*.

10      Based on the medical records provided, the Court finds that Defendant's
11 current medical conditions are managed with medication, examinations, and
12 treatment.  Defendant is not currently diagnosed with a terminal illness, nor does
13 she suffer from a debilitating injury or disease.  Defendant is fully capable of self-
14 care and full functionality.  She has not been diagnosed with arthritis, but rather
15 joint pain.  Defendant's medical conditions and mental health are stable.  None of
16 Defendant's medical conditions, either individually or in combination, rise to a
17 level of severity which would warrant compassionate release, nor are they so
18 serious that COVID-19 presents a major risk factor.

19 //

20 //

Defendant places great emphasis upon a statement in her medical records that she is

> appropriate for home confinement and her level of care can be met in the community.  Conditions of home confinement would present a lower risk of contracting COVID-19 than at the current BOP facility.  59 year old female.

ECF No. 879 at 1, 3.  In Defendant's April 20, 2020, medical record, a registered nurse entered this statement in the comments section.  ECF No. 870 at 10 (two-page report at 9-10).  Significantly, the entire report only shows two medical issues, medication prescribed for high cholesterol and medication for depression.  Other than that, there were no other reasons for observing that Defendant was appropriate for home confinement.  The Court rejects the registered nurse's suggestion as not meeting the statutory "extraordinary and compelling" reason.

Defendant also emphasizes the lump detected in her breast on July 8, 2020, "may be cancer."  ECF No. 879 at 2.  The 7mm mass has not yet been biopsied nor diagnosed.  Defendant contends this shows that the Bureau of Prisons is incapable of providing routine care and the failure to conduct follow-up testing is medical negligence.  *Id*. at 7.  The Court observes that the Bureau of Prisons has provided routine medical examinations and did detect a suspicious finding.  This does not warrant release.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society.  Fear of the virus does not warrant

immediate release. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>       (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>       (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 11

    Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
 (5) any pertinent policy statement—
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple mistake involving a small sum of money. Defendant personally participated in an extensive fraud scheme resulting in over $2 million dollars in losses to insurance companies. This was an egregious white-collar crime scheme. The Court is obligated to protect the public from defendant's fraudulent conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate

deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

**E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that she poses no risk to the community because she can be supervised. The Court disagrees and finds otherwise. Defendant's egregious fraudulent conduct comprising the offenses for which she was convicted, spanning 4 years, shows she presents a serious financial risk to the public.

## CONCLUSION

Although Defendant's health condition is unfortunate it is not serious, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Emergency Motion for an Order Reducing Sentence or Modifying Judgment Under 18 USC § 3582(c)(1)(A)(i), ECF No. 868, is **DENIED**.

//

//

//

//

1    The District Court Executive is directed to enter this Order and furnish

2  copies to counsel.

3    DATED October 13, 2020.



THOMAS O. RICE
United States District Judge