UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA VICTORIA TALENTO,<br><br>Defendant. | NO. 2:18-CR-0232-TOR-2<br><br>SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 903. The Government filed its response in opposition. ECF No. 910. Defendant filed her replies. ECF Nos. 912, 914. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion for Sentence Reduction, ECF No. 903, is denied.

## BACKGROUND

On June 6, 2019, Sandra Victoria Talento appeared before the Court and

1   entered a plea of guilty to 25 counts of the Indictment filed on December 18, 2018,

2   charging her with Mail Fraud, in violation of 18 U.S.C. §§ 1341, 2 (Counts 3, 16,

3   18, 21, 24, 33, 34, 42, 43, 45, 46, 52-55, 59, 60, 71 & 72); Wire Fraud, in violation

4   of 18 U.S.C. §§ 1343, 2 (Counts 9 & 25); Conspiracy to Commit Mail and Wire

5   Fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349 (Count 73); Conspiracy

6   to Commit Heath Care Fraud, in violation of 18 U.S.C. §§ 1347 and 1349 (Count

7   74); Monetary Transactions in Property Derived from Specified Unlawful Activity,

8   in violation of 18 U.S.C. §§ 1957 and 2 (Count 76); and Conspiracy to Conduct

9   Monetary Transactions in Property Derived from Specified Unlawful Activity, in

10  violation of 18 U.S.C. §§ 1957, 1956(h) (Count 101).  ECF Nos. 432, 433.

11          On November 7, 2019, this Court sentenced Defendant to a 70-month term

12  of imprisonment, followed by a 3-year term of supervised release, a $2,500.00

13  special penalty assessment, a $2,100,000.00 order of restitution, forfeiture of

14  certain specified property and a $2,100,000.00 forfeiture money judgment.  ECF

15  No. 712.  Defendant was allowed to self-report to the Bureau of Prisons as directed

16  by the United States Probation Office.  *Id*. at 3.  Defendant reported on December

17  10, 2019.  Defendant's projected good time credit release date is November 18,

18  2024.

19          On September 11, 2020, Defendant filed her first motion for sentence

20  reduction.  ECF No. 868.  Defendant then requested that she be "released as her

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE
SENTENCE ~ 2

mother's personal caregiver to the extent that she would be able to observe, care and help with Mrs. Talento's serious life-threatening condition." *Id*. at 2. Additionally, Defendant sought release because she was 59-years old, and suffered from high cholesterol, depression, chronic arthritis, and she took medication for severe depression. *Id*. at 3. This Court denied Defendant's motion. ECF No. 881.

On January 21, 2021, Defendant submitted another request for compassionate release to the warden of the facility where she is housed, ECF No. 903 at 3, and appealed therefrom, ECF Nos. 903-1 at 10; 903-1 at 13-14; 903-1 at 25-33. Her requests were denied. ECF No. 903 at 3; 903-1 at 12; 903-1 at 17-20; 903-1 at 34.

On September 9, 2021, Defendant filed the present motion. ECF No. 903.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting

administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B. Exhaustion or Lapse of 30 days**

Defendant has exhausted her administrative remedies by filing her request with the warden and appealing the denial of her request. The government does not object to a finding of exhaustion.

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

Accordingly, the Court will consider Defendant's administrative remedies exhausted.

**C. Extraordinary and Compelling Reasons**

The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

First, Defendant argues that she be released so she can care for her 93-year-old mother. ECF No. 903 at 6. She explains that her cousin is moving and will not be able to care for her mother and she is the sole surviving child. *Id*. She contends that her mother suffers numerous medical conditions and needs assistive care. *Id*.

Defendant also asserts that her "mother is in a financial position that there are no concerns for her costs or mine." ECF No. 903-1 at 10; *see also, id*. at 41 ("My mother is financially independent and can handle both of our costs of daily living and care. I would reside with my mother at the below address which was my childhood home. My mother has lived there for over 55 years continually.").

The Court finds that none of the enumerated reasons for compassionate release contemplate care for an elderly parent and the fourth, catchall "extraordinary and compelling" reason does not warrant release under the facts of this case. The fact that an inmate has an elderly parent who could well benefit from the assistance of their child could apply to any inmate with a parent who is both elderly and has health conditions. This is not extraordinary, but rather typical. Defendant's mother has the financial resources to enlist assistive care for herself.

Second, Defendant argues that her own medical condition presents an extraordinary and compelling reason to justify a reduction in sentence. ECF No. 903 at 7. Defendant complains that she had a solid mass in her right breast, but a biopsy determined that it was benign. She now has located two new masses, but they have not been biopsied. *Id*. She has been diagnosed with Stage 3a Chronic Kidney Disease and a borderline EKG in June/July 2021. *Id*. at 8; *but see* ECF No. 911 at 23-24 ("EKG Normal" in Aug./Sept. 2021). She then reasons that her worsening health condition is an extraordinary and compelling reason to be granted

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE
SENTENCE ~ 7

compassionate release. *Id.*

Based on the recent medical records provided, ECF Nos. 903-1, 911, the Court finds that Defendant's current medical conditions are managed with medication, examinations, and treatment. Defendant is not currently diagnosed with a terminal illness (disease with an end-of-life trajectory), nor does she suffer from a debilitating injury or disease. Defendant is fully capable of self-care and full functionality. Defendant's medical conditions and mental health are stable. None of Defendant's medical conditions, either individually or in combination, rise to a level of severity which would warrant compassionate release, nor are they so serious that COVID-19 presents a major risk factor.

Finally, on reply, Defendant contends that COVID-19 presents an extraordinary and compelling reason to be granted compassionate release. ECF Nos. 912 at 2-3; 914 at 1. Defendant has been provided vaccination for COVID-19 and the influenza. ECF No. 911 at 110.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society. Fear of the virus does not warrant immediate release, especially since Defendant has been vaccinated. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

//

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

    (5)  any pertinent policy statement—
        (A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
    (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7)  the need to provide restitution to any victims of the offense.

At the time of the original sentencing and in consideration of the first motion for compassionate release the Court fully considered these factors. Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple mistake involving a small sum of money. Defendant personally participated in an extensive fraud scheme resulting in over $2 million dollars in losses to insurance companies. This was an egregious white-collar crime scheme. The Court is obligated to protect the public from defendant's fraudulent conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient

but not greater than necessary to comply with the purposes of sentencing.

**E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that she poses no risk to the community because she can be supervised. The Court disagrees and finds otherwise. Defendant's egregious fraudulent conduct comprising the offenses for which she was convicted, spanning 4 years, shows she presents a serious financial risk to the public.

## CONCLUSION

Although Defendant's health condition is unfortunate it is not so serious that it cannot be managed and treated. Defendant is not the only person who can provide her mother with assistance. The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 903, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties (including Defendant at the Victorville Federal Prison Camp).

DATED December 14, 2021.



THOMAS O. RICE
United States District Judge